Mary **BUZIANIS**, **Plaintiff and Respondent**,

v.

**BENEFICIAL HOMES, INC.**, a Utah Corporation, and Ronald Gibb, Defendants and Appellants.

No. 14257.

Supreme Court of Utah.

May 24, 1976.

E. Nordell Weeks and Ted Boyer, of McMillan & Browning, Salt Lake City, for defendants and appellants.

Edward A. Watson, Tooele County Atty., Tooele, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a judgment on a promissory note. Affirmed with costs to plaintiff.

Defendants say the trial court erred 1) in excluding certain evidence of damages, 2) failing to credit a check asserted to be part payment on the note, 3) recognizing a stipulation of the parties because allegedly it was ambiguous, and 4) in approving an asserted unproved, unreasonable attorney's fee.

This action has to do with the sale of lots by plaintiff to defendants in exchange for an installment promissory note.

As to 1): The record reflects that Gibb had given checks that had been credited on one project, which conclusion was evidenced on the checks themselves, and were not allocable to the transaction, the subject of this legislation.

As to 2): At the initial hearing on June 9, 1975, the plaintiff, by counsel, and defendant Gibb, personally stipulated that judgment might be entered according to the prayer of plaintiff's complaint, with an opportunity, however, given to defendant, Gibb, by July 14 (about seven weeks hence), *to produce evidence* of any credit to which he might be entitled, which had not been conceded. He offered evidence of claimed credit, which the trial court held inadmissible, as being inapplicable, which holding was fully justified. Even so, the court, having entered judgment as prayed, nonetheless gave Gibb another week, until July 21, to produce further evidence that Gibb suggested he could procure. He failed to show up at this last of a series of hearings and opportunities to show a defense, and there is no merit, under the circumstances that it was error to burden Gibb with a showing of facts for which he asked permission to obtain.

As to 3): The stipulation may have been a bit inarticulate, but it was perfectly understandable and was obviously allowed at Gibb's behest and for his benefit, so that in fairness he cannot attack it now.

As to 4): The amount found due on the note was $6,681, and the fee awarded was one-third thereof,—which was not unreasonable, particularly because the service

in this case substantially was in excess of the ordinary service in reducing a promissory note to judgment in an amount admittedly to have become in default, although unsuccessfully questioned to some extent. Gibb stipulated that judgment could be entered as prayed, which included the amount of attorney's fees to be awarded, subject only to the granting of time to present proof of credits claimed, and Gibb's failure to respond precludes him from contesting the same.

ELLETT, TUCKETT, CROCKETT and MAUGHAN, JJ., concur.